*In re* VAN HOOSER.

DIVORCE—CUSTODY OF CHILDREN—WELFARE OF THE CHILD.
    Custody of child, born in 1945, is continued in mother where, following a Tennessee divorce decree to father in which the child's custody was awarded to him, the mother brought the child to Michigan and has given the child good care, has remarried and the new husband is willing to support the child without aid from plaintiff who had contributed only $50 to child's support during year he was separated from the mother and·who proposed to take the child to Delaware where mother would seldom be able to see her; the court being primarily interested in the welfare of the child.

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted October 5, 1950. (Docket No. 56, Calendar No. 44,630.) Decided December 5, 1950.

Habeas corpus by Leroy Van Hooser to obtain custody of child from Helen Van Hooser. Writ dismissed. Plaintiff appeals. Affirmed.

*Chas. A. Bryan,* for plaintiff.

*Harry S. Bennett* (*Reynold Bennett,* of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTES
17 Am Jur, Divorce and Separation, § 683.

BUTZEL, J. Leroy Van Hooser obtained a divorce from his wife Helen in the circuit court of Hamilton county, Tennessee, on March 25, 1949. The court awarded the custody of their minor child, Martha Lee, to the husband. The wife returned to Detroit with the child. On June 21, 1949, a hearing was held in the Wayne circuit court on the husband's petition for a writ of habeas corpus for the custody of Martha Lee. There was some question as to the validity of the Tennessee divorce proceedings on the ground that both parties had perjured themselves as to their residence in order to come within the Tennessee court's jurisdiction. However, since neither party wished to contest the decree, the question before the Wayne circuit court was whether there had been a sufficient change in circumstances to allow the mother to retain custody of the child. What is best for the welfare of the child, is the paramount question before the court. It was agreed that the Wayne circuit court had the power to modify the decree, if it felt it was for the best interests of the child, and that the "full faith and credit" clause of the Federal Constitution had no application. The court decided that the mother should retain custody. Petitioner has appealed.

Leroy and Helen Van Hooser were married in 1944. Their child was born in 1945, and has lived in Detroit with her parents until they separated in 1948. Since that time the child and her mother have lived in Detroit, except for 2 brief trips to Tennessee. Helen Van Hooser instituted divorce proceedings in the Tennessee court in June of 1948. Her husband had deserted her in Detroit, told her to get a divorce, and she was unwilling to wait for the slower process of the Michigan courts. In her bill of complaint she swore that she was a resident of the State of Tennessee. Her husband filed a cross bill of complaint in Tennessee, and with the aid of a detective's testi-

mony as to his wife's infidelity since their separation, obtained the divorce including an order for the custody of the minor child.

At the hearing of the instant case in June, 1949, the husband testified that he had not worked since November, 1948, but that he had a job on a railroad in Delaware promised him, and that his sister, a mother of two, had a good home in Wilmington in which he would place the child. There was some testimony that the wife had been seen with other men after the separation prior to the divorce, and that on occasion she had taken the child into bars at night. The husband contends that there had been no showing that he was an unfit custodian for the child, and that his wife's circumstances had not changed, during the 3 months that had passed since the divorce decree, so as to indicate that she was a proper person to have the custody of the child.

We believe that the trial court was correct in awarding the child to the mother. The parties separated in June of 1948, and during the entire year that followed the husband contributed only $50 for the child's support. The wife worked as a waitress during the year, and having no place to leave the child, kept it with her almost constantly. There was ample testimony that during the year the child was well dressed, and cared for, and that the mother was most attentive. Witnesses testified that the mother was devoted to the child and the child to the mother. The trial court commented on the child's good appearance and behavior during the trial.

Moreover the mother has remarried since the divorce. Her new husband, Charles Smith, has been regularly employed and earned $4,000 in 1948. The friend of the court recommended that the child remain with its mother. He found that the home that her husband had just purchased and furnished for his wife and her child was an excellent place in which

to rear a family. Smith testified that he has supported the child since the marriage and will continue to do so. He further testified that he wanted no money from Leroy Van Hooser for the child's support, and that he thought highly of the child.

The mother is very differently situated in her ability to look after the child than before the rendition of the divorce decree. She has an excellent home, with proper facilities for raising a child. She has a good husband, who is fond of the child, and willing to support it. She is no longer obliged to work and will be able to devote more time to the care of the child. While her conduct during the period of the separation from her former husband is to be severely condemned, there was no showing that she was not a faithful wife while living with him, nor is there any reason to doubt but that she will be a proper person to raise the child in the future.

The petitioner, on the other hand, has failed miserably in his duty to support the child, and was not working at the time of the hearing. If the writ were to be issued, he would take the child out of the State and the mother seldom would be able to see it.

The court primarily is interested in the welfare of the child. Martha Lee is very young and needs the love and affection of her mother. On the showing made she should remain with the mother.

The decision of the trial court is affirmed, with costs to appellee.

BOYLES, C. J., and REID, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred.